UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRIPLE CANOPY, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 04 C 8016 |
| v. | ) |
| | ) Judge John W. Darrah |
| RICHARD A. COOLEY; COOLEY & | ) |
| ASSOCIATES; EMPIRE INTERNATIONAL, | ) |
| LTD.; and SECURECAR, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Triple Canopy, Inc., filed suit against Defendants, Richard A. Cooley; Cooley &

Associates; Empire International, Ltd.; and SecureCar, Inc., alleging breach of contract (Counts I and

II), unjust enrichment (Count III), breach of express warranty (Count IV), fraud (Count V), and

recission (Count VI). Presently pending before the Court is Defendants' Motion to Dismiss.

### BACKGROUND

A reading of Triple Canopy's First Amended Verified Complaint and the parties' Settlement

Agreement and Mutual General Release supports the following summary of the alleged conduct of

the parties.

In February 2004, Triple Canopy, a private security services contractor, agreed to pay

Defendants $407,000.00 for the purchase and delivery of three armored vehicles. For a variety of

reasons, Defendants were unable or unwilling to provide Triple Canopy with the three armored

vehicles for which were specifically contracted; and instead, after accepting $407,000.00 for the

purchase and delivery of the three armored vehicles, Defendants sent three different vehicles to Amman, Jordan. The three delivered vehicles were inferior to the contracted vehicles, and Triple Canopy refused to accept the vehicles and demanded a full refund.

On December 10, 2004, after Defendants refused to refund Triple Canopy's money, Triple Canopy filed a lawsuit against Defendants. On January 28, 2005, Triple Canopy filed its First Amended Verified Complaint ("Complaint"). In an effort to avoid the "uncertainty and continued costs of legal proceedings," the two sides reached a settlement-in-principle on February 14, 2005, and executed a Settlement Agreement and Mutual General Release ("Agreement") on April 19 and April 20, 2005.

The Agreement stipulates that both parties wished to "fully and finally settle" the dispute and that the settlement "is not to be construed in any way as an admission of liability or fault" by the Defendants or their "respective agents, employees, partners or other persons or entities associated or affiliated with [the] Defendants." The Agreement grants Defendants permission to enter premises under Triple Canopy's possession "for the limited purpose of taking custody of and removing the following three armored vehicles [the vehicles that were delivered by Defendants] currently in storage there." Once Defendants gain possession of those vehicles, the Agreement compels Defendants to pay Triple Canopy a certain amount of money, depending on how much they could earn for the sale of the three vehicles, while setting a minimum amount to be paid of $325,000.00. That payment was to be made by the Defendants within the earlier of: (i) ten business days of the completion of the sale of the vehicles that were delivered, or (ii) September 8, 2005. The vehicles have not been resold; and no payment has been made by the Defendants to Triple Canopy on or before by September 8, 2005, or thereafter.

2

In consideration for that promise of payment, the Agreement stipulates that Triple Canopy shall cause the litigation to be dismissed with prejudice "no later than seven days after counsel for Triple Canopy receives payment of the settlement amount." The Agreement goes on to state that each party releases the other from "any and all claims, losses, liabilities, costs and expenses arising out of the events, claims and/or causes of action set forth in the Litigation, as well as those which have been or could have been asserted in the Litigation, as well as those which existed at any time up to and including the date of execution of this Agreement." Triple Canopy's Complaint has not been dismissed. Defendants claim Triple Canopy has breached the Agreement.

## ANALYSIS

Defendants seek to dismiss Triple Canopy's Complaint based on the Agreement. Defendants argue that a settlement which is complete on its face and includes a general release will act to bar adjudication; and, as such, the claims in Triple Canopy's underlying Complaint should be dismissed. If a settlement agreement is complete on its face, has been performed, and includes a general release, it will bar future litigation stemming from pre-settlement actions. Lawsuits that materialized before a settlement and were never dismissed, however, can remain live until the key provisions of the agreement have been performed. *See Chemland, Inc. v. Sewell*, 1995 WL 470232 (N.D. Ill. August 7, 1995); *Proctor v. General Conference of Seventh-Day Adventists,* 651 F. Supp.1505, 1526 (N.D. Ill. 1986).

In the instant case, the Agreement was voluntarily entered into and is complete on its face. However, the parties dispute whether key provisions of the Agreement have been performed. In return for Triple Canopy's promise to dismiss the litigation, Defendants were to tender payment to counsel for Triple Canopy within the earlier of: (i) ten business days of the completion of the sale

3

of the vehicles that were delivered, or (ii) September 8, 2005. The vehicles have not been resold, and no payment has been made by the Defendants to Triple Canopy. Questions also exist as to whether Triple Canopy has performed or can perform as required under the Agreement.

Through the Motion to Dismiss, Defendants attempt to enforce the Agreement, even though factual questions exist as to the parties' performances under the Agreement. These factual issues are not properly presented by the Defendants' motion.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is denied.

Dated: February 8, 2006

JOHN W. DARRAH
United States District Court Judge